Matter of D'Aliasi (2021 NY Slip Op 03993)





Matter of D'Aliasi


2021 NY Slip Op 03993


Decided on June 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 22, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Sallie Manzanet-Daniels
Angela M. Mazzarelli
Jeffrey K. Oing
Anil C. Singh, JJ.


Motion No. 2021-03981 Case No. 2019-00006 

[*1]In the Matter of Patricia M. De Grace D'Aliasi, (admitted as Patricia Marie De Grace D'Aliasi), an attorney and counselor-at law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Patricia M. De Grace D'Aliasi, (OCA Atty. Reg. No. 4634630), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Patricia Marie De Grace D'Aliasi, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 8, 2008.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Patricia M. De Grace-D'Aliasi was admitted to the practice of law in the State of New York by the First Judicial Department on September 8, 2008, under the name Patricia Marie De Grace-D'Aliasi. At all times relevant to this proceeding, respondent has maintained a registered address within the First Judicial Department.
In February 2019, the Attorney Grievance Committee (AGC) moved for an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14(b) directing respondent to undergo a medical examination to determine whether she is incapacitated from practicing law due to physical or mental infirmity. The motion was based on respondent's irrational conduct during and after a medical malpractice trial in which she represented herself as well as her conduct before the AGC. Respondent's conduct included trying to relitigate issues already decided at trial and harassing and profane telephone calls and voice messages to the defendant doctors and their counsel. Respondent also left a disturbing voice mail message for AGC staff counsel.
By order entered September 6, 2019 (M-997), this Court granted the AGC's motion and directed respondent to submit to a medical and psychiatric examination by a qualified expert or experts. Respondent failed to appear notwithstanding numerous accommodations and postponements.
The AGC now seeks an order, pursuant to § 1240.9(a)(3), immediately suspending respondent from the practice of law until further order of this Court based on her failure to submit to the examination directed by our prior order of September 6, 2019.
The AGC has met its burden and respondent should be immediately suspended until further notice of this Court. The record demonstrates that the AGC has been sufficiently accommodating to respondent in terms of scheduling and the parameters of the court-ordered examination, including offering to conduct the examination virtually, and that respondent has been nonresponsive. Given respondent's recalcitrance, there is no point in giving her further opportunity to comply with our order (see Matter of Stern, 108 AD3d 126, 128 [1st Dept 2013]). If and when respondent does cooperate, she may then seek to vacate the interim suspension.
Accordingly, the AGC's motion should be granted and respondent is suspended from the practice of law, effectively immediately, and until further order of this Court.
All concur.
It is ordered that the motion is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a) (3), effective the date hereof, and until further order of this Court, and
It is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor[*2]-at-law before any court, judge, justice, board or commission or other public authority; that respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto, all effective the date hereof, until further order of this Court, and
It is further ordered that respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which is made a part hereof, and
It is further Ordered that within 20 days of the date of service of this decision, respondent may submit a request, in writing, to this Court for a post suspension hearing (see 22 NYCRR 1240.9[c]).
Entered. June 22, 2021